| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | SOUTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| GERALD MILLER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>　　　　　　　　　Defendant. | Case No.: 18cv114-W-MDD<br><br>**REPORT AND RECOMMENDATION ON MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT**<br>**[ECF NOS. 15, 20]** |

Plaintiff Gerald Miller ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act ("Act"). (AR ).[2]

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019 and is therefore substituted for Nancy A. Berryhill as the Defendant in this action. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d),

[2] "AR" refers to the Certified Administrative Record filed on April 23, 2018. (ECF No. 12).

For the reasons expressed herein, the Court recommends the case be **REMANDED** to the ALJ for further analysis on the issue of whether Plaintiff's diabetes mellitus should have been specifically addressed as a severe impairment within the context of Plaintiff's RFC.

**I. BACKGROUND**

Plaintiff was born December 8, 1955. (AR 54). At the time the instant application was filed on January 15, 2014, Plaintiff was 57 years-old which categorized him as a person of advanced age. 20 C.F.R. § 404.1563, 416.963.

**A.  Procedural History**

On January 15, 2014, Plaintiff protectively filed an application for a period of disability insurance benefits under Title II of the Social Security Act, alleging a disability beginning June 1, 2013. (ECF No. 15-1, p. 1). After his application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 46). An administrative hearing was held on April 5, 2016. Plaintiff appeared and was represented by attorney Don Jorgensen. Testimony was taken from Plaintiff and John P. Kilcher a vocational expert ("VE"). (*Id.*). On May 18, 2016, the ALJ issued a decision denying Plaintiff's claim for benefits. (AR 55).

On July 18, 2016, Plaintiff sought review with the Appeals Council. (AR 40). On December 11, 2017, the Appeals Council denied Plaintiff's request for review and declared the Administrative Law Judge's decision to be the final decision of the Commissioner of Social Security in Plaintiff's case. (AR 1). This timely civil action followed.

**II. DISCUSSION**

**A.  Legal Standard**

Sections 405(g) and 1383(c)(3) of the Social Security Act allow unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. *Id.*; *see also Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1993 (9th Cir. 2004).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandqathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Sec'y of Health & Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Batson*, 359 F.3d at 1193. When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Even if a reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *Batson*, 359 F.3d at 1193. Section 405(g) permits a court to enter a judgment affirming, modifying or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. *Id.*

**B.     Summary of the ALJ's Findings**

In rendering his decision, the ALJ followed the Commissioner's

five step sequential evaluation process. *See* C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2013. (AR 48).

At step two, the ALJ found that Plaintiff had the following severe impairments: gastrointestinal impairments, chronic liver disease, and cardiomyopathy. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (AR 50). (citing 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

Next, after considering the entire record, the ALJ determined that Plaintiff had the "residual functional capacity [(RFC)] to perform medium work as defined in 20 C.F.R. 404.1567(c)." (AR 50). The Plaintiff would be "limited to frequent climbing of stairs, ramps, ladders, ropes, and scaffolds, balancing, stopping, kneeling, crouching and crawling, must avoid concentrated exposure to temperature extremes, vibration, pulmonary irritants and all exposure to hazards, such as moving machinery and unprotected heights." (*Id.*). The ALJ said that his RFC assessment was based on all the evidence with consideration of the limitations and restrictions imposed by the combined effects of all the Plaintiff's medically determined impairments. (*Id.*). The ALJ also stated that he considered the opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527. (*Id.*).

The ALJ then proceeded to step four of the sequential evaluation process. He found Plaintiff was unable to perform his past relevant work. (AR 54). For the purposes of his step five determination, the ALJ accepted

the testimony of VE John Kilcher. The VE determined that Plaintiff could perform jobs identified by the VE that exist in significant numbers in the national economy. For example, hand packager (DOT Code 920.587-018); or linen room attendant. (AR 55).

**C. Issue in Dispute**

The sole issue in dispute in this case is whether the ALJ's RFC determination was supported by substantial evidence. Specifically, Plaintiff argues that the ALJ failed to "adequately consider the evidence regarding the severity of [Plaintiff's] back impairments and his diabetes mellitus and resulting neuropathy." (ECF No. 15, p. 4).

Defendant asserts Plaintiff's argument is unpersuasive because as the fact-finder, the ALJ weighed all of the relevant evidence, including treatment notes, examination records, medical opinions, and Plaintiff's testimony and statements." (record citation omitted). (ECF 20, p. 4.).

"In making a determination of disability, the ALJ must develop the record and interpret the medical record." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Title 20 C.F.R. § 404.1546(c) of the Code of Federal Regulations states in pertinent part, "at the administrative law judge hearing level …, the administrative law judge … is responsible for assessing your residual functional capacity." Additionally, the ALJ is required to interpret the medical records. "However, in interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'" *Id*.

Title 20 C.F.R. § 416.927(6)(d)(1) provides that the Social Security Administration is responsible for making the determination or decision about whether or not a claimant meets the statutory definition of disability. *Id*. A denial of benefits may be set aside "only if it is not supported by substantial

5

evidence or if it is based on legal error." *Flaten v. Secretary of Health and Human Services*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.*

### 1. Plaintiff's Back Impairments

In his decision, the ALJ discussed the following medical records specifically related to Plaintiff's back impairment: an orthopedic consultative examination that occurred March 4, 2014, as performed by Dr. William Curran, Jr., M.D., and the results from an MRI taken in February 27, 2015, during an emergency room visit resulting from low blood sugar. (See AR 481 – 483). The ALJ found the "evidence revealed that this impairment does not result in more than minimal work-related functional limitations" and was "nonsevere." (AR 49).

The ALJ specifically cited to the opinion of Dr. Curran as reported in his orthopedic consultation. (AR 380). Dr. Curran noted Plaintiff was able to move about the office without assistance and was able to get on and off the examination table without assistance. (*Id.*). According to Dr. Curran, Plaintiff also did not use any assistive device for ambulation. (*Id.*). Dr. Curran determined that there was "no evidence of a significant kyphosis, lordosis or noticeable scoliosis." (AR 381). There was "tenderness to palpitation without spasm in the right paralumbar regions and sciatic notch." (*Id.*). Ultimately, Dr. Curran concluded "there is no medically determinable impairment that would limit the [Plaintiff's] function from an orthopedic standpoint." (AR 382).

The ALJ also gave controlling weight to the State Agency medical consultant who opined that Plaintiff's condition resulted in some limitations in his ability to perform work related activities but it was determined that

Plaintiff's condition "is not severe enough" to keep Plaintiff from working. (AR 51, 133). In addition to the record medical evidence, the ALJ noted that during Plaintiff's psychiatric consultative exam on March 18, 2014, Plaintiff reported he does some households chores, plays with his "grandkids," and is able to take the bus independently. (AR 373). The ALJ opined that Plaintiff's daily activities "are not limited to the extent one would expect given the complaints of disabling symptoms and limitations." (AR 52).

Plaintiff contends that the ALJ's decision on his back impairments was founded on an inadequate record, a failure to acknowledge the severity of the impairment and a failure to fully and fairly develop the record. (ECF No. 15-1, p. 7). Specifically, Plaintiff cites to a CT scan of his abdomen and pelvis after being admitted to the hospital for acute pancreatitis and mild diabetic ketoacidosis. (AR 399). The results from the CT scan were included in Plaintiff's record and noted in passing that "[t]here is bilateral L5 pars defects without significant spondylolisthesis and 3 degenerative disc disease L3-4 and L4-5 again seen." (AR 407). The summary of the examining physician noted that there was "no acute intra-abdominal or intrapelvic abnormalities." (*Id.*). As noted by Defendant, "[a]fter reviewing the CT scan, the examining physicians did not diagnose Plaintiff with a lumber impairment or prescribe any treatment or medication for back pain." (ECF No. 20-1, p. 6).

Plaintiff further argues "the ALJ's evaluation of the medical evidence regarding the severity of Plaintiff's back impairments is unreasonable and fails to acknowledge or discuss relevant evidence bearing on disability. (ECF No. 20-1, p. 7). In support of this claim, Plaintiff cites to six instances in the record (AR 339, 341, 366, 379, 388, 485) where he alleges that he exhibited pain which ranged from his abdomen and radiated to his back at times. (*Id.*).

Plaintiff contends that this evidence "provides clinical correlation for his back impairments." (Id.). Each record citation will be addressed:

AR 339 is the record of an office visit on January 21, 2014, where Plaintiff presented with severe abdominal pain. (AR 339). A review of the record shows no finding from the treating physician of any back impairment other than that related to Plaintiff's "recurrent pancreatitis w/ evidence of EGD pseudocysts." (AR 342).

AR 341 is a different page of the same office visit, however, nothing appears in that record citation to support Plaintiff's claim of back impairment. (AR 341).

AR 366 is the record from an emergency department visit for significant pain from pancreatitis. (AR 366). Plaintiff reported that his "mid abd" pain was "radiating to the back." (*Id.*). There is no reference during that visit to the type of lower back impairment that Plaintiff alleges is disabling.

AR 379 is the orthopedic consultation referred by the Department of Social Services. As noted previously, Dr. Curran found no limiting medically determinable impairment. (AR 379).

AR 388 is a hospital discharge report from April 18, 2014, when Plaintiff was admitted for chronic pancreatitis. Plaintiff noted to his physician that he began to experience pain in his abdomen which gradually worsened and radiated to his back. (AR 388). The report noted that "a full 12-point review of system (sic) has been completed and is negative other than that mentioned in the history of present illness." (*Id.*).

Lastly, AR 485 is the record from an emergency room visit Plaintiff made on February 27, 2015. The MRI taken at that time was a "CT Spine Cervical w/o Contrast." (AR 483). The cervical vertebrae are "any of the seven vertebrae of the neck." *Merriam-Webster's Medical Dictionary.com*,

8

18cv114-W-MDD

https://www.merriam-webster.com (2019). The CT scan did not include Plaintiff's lower back. In sum, Plaintiff contends that "[g]iven Plaintiff's complaints of back pain and correlation of the same, the ALJ could have further developed the record and obtained a medical expert to review the record as a whole." (ECF No. 15-1 at 7).

Presented with this medical documentation the ALJ did not err in failing to further develop the record. A review of the medical record shows that Plaintiff's claims of back pain are related to his pancreatitis significantly more than his lower back. The objective medical evidence in the 573 page record fails to substantiate Plaintiff's symptoms of disabling lower back pain. Accordingly, it is recommended that Plaintiff's claims of error regarding his lower back impairment be **denied**.

### 2. Plaintiff's Diabetes Mellitus

As noted previously, Plaintiff contends that the ALJ erred in finding Plaintiff's diabetes mellitus nonsevere. Specifically, Plaintiff asserts two arguments to support his claim that the ALJ disregarded record evidence of Plaintiff's worsening diabetes. First, Plaintiff states that tingling in his feet began in January 2015 and by September of 2015 he had been prescribed medication for peripheral neuropathy. (ECF No. 15-1, p.8). Second, Plaintiff argues that the ALJ noted a lack of compliance with medication to control his blood sugar. Plaintiff contends his documented memory problems were the cause of not taking his medication. Consequently, Plaintiff argues that his "failure to comply with his diabetes medication is a result of his underlying impairments." (*Id.*at 9).

Defendant points out that "the record does not show ongoing complaints and Plaintiff's doctors did not opine that he had significant or disabling limitations from reduced sensation or any of his other diabetes related

symptoms." (ECF No. 20-1, p. 10). Defendant also notes that, even if the ALJ erred in finding Plaintiff's diabetes non-severe, any error would be harmless error because the ALJ proceeded beyond step two and assessed Plaintiff with RFC limitations based on the overall record." (*Id.*).

Step two is a de minimis screening device to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 153-154. At step two "of the sequential evaluation process, we determine whether an individual has a severe medically determinable physical or mental impairment or combination of impairments that has lasted or can be expected to last for a continuous period of at least 12 months or end in death." SSR 16-3p, 2017 WL 5180304 *11. "The claimant bears the burden to show medical evidence consisting of signs, symptoms, and laboratory findings to establish a medically determinable physical or mental impairment." *Ukolov v. Barnhart*, 420 F3d 1002, 1004-05 (9th Cir. 2005). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart,* 433 F.3d 683, 686 (9th Cir. 2005). The ALJ must consider "the claimant's subjective symptoms, such as pain or fatigue in determining severity" and "must consider the combined effect of all of the claimant's impairments on [the] ability to function, without regard to whether each alone was sufficiently severe." *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir 1996). The Ninth Circuit has held:

> Step two is merely a threshold determination meant to screen out weak claims. It is not meant to identify the impairments that should be taken into account when determining the RFC.

*Buck v. Berryhill*, 869 f3d 1040, 1048-49 (9th Cir. 2017).

Here the ALJ noted the record demonstrates that Plaintiff's blood sugar

levels were generally the result of his failure to monitor his blood sugar and take his medication as directed. (AR 48). The ALJ stated "[t]he medical records from June 2015 indicated that the claimant had not been controlling his blood sugar well and had been sometimes forgetting to take insulin." (*Id.*). Citing to evidence regarding Plaintiff's diabetes, the ALJ opined that the record contained no evidence of disabling symptoms due to the Plaintiff's diabetes resulting "in more than minimal work-related functional limitations." (AR 48). Consequently, the ALJ determined Plaintiff's diabetes "nonsevere." (*Id.*).

The Court finds that the ALJ erred at step-two in determining that Plaintiff's diabetes mellitus was not severe. Social Security Ruling SSR 96-4P states, "[n]o symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment." SSR 96-4P (S.S.A.), 1996 WL 374187 1-2].[3] A medical sign is an anatomical, physiological abnormality that can be shown by medically acceptable clinical and laboratory diagnostic techniques. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (internal citations omitted). A longitudinal review of Plaintiff's medical record demonstrates that his diabetes was more than de minimis and consequently, met the required threshold showing.

---

[3] "SSRs do not have the force of law" but "represent the Commissioners interpretation of the agency's regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1202 n. 1 (9th Cir. 2001). "We therefore "give them some deference as long as they are consistent with the Social Security Act and regulations." *Ukolov v. Barnhart*, 420 F.3d 1002, 1006 n.2. (9th Cir. 2005).

For example, the results of Plaintiff's monofilament tests demonstrate a worsening of his neuropathy. In January 2015, Plaintiff had a negative monofilament test, however, in June and September of 2015 Plaintiff's monofilament tests were positive. (AR 510, 502, 491-93). This record evidence demonstrates Plaintiff's diabetes was uncontrolled. Plaintiff "had not been controlling his blood sugar well and had been sometimes forgetting to take his insulin." (AR 48).

In this case the ALJ's brief step two analysis regarding Plaintiff's diabetes was inadequate to support his determination that Plaintiff's diabetes was nonsevere. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ's findings ignore relevant evidence in the medical record.

### 3. Remand for Further Administrative Proceedings

"[A] court has discretion to remand for further proceedings when an ALJ has committed legal error in denying benefits." *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). The record does not support the ALJ's conclusion that Plaintiff did not establish the necessary "signs," "symptoms" and "laboratory findings" evidence needed to confirm his diabetes mellitus and diabetic neuropathy as a severe impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). In sum, the ALJ's finding at step two that Plaintiff's diabetes mellitus was not severe was in error.

When error exists in an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura,* 537 U.S. 12, 16 (2002) (citations and quotation marks omitted); *Moisa v. Barnhart,* 367 F.3d 882, 886 (9th Cir. 2004). On remand, the ALJ must evaluate Plaintiff's diabetes mellitus and neuropathy at step-two in accordance with the applicable law. The ALJ should also consider the impact of Plaintiff's

diabetes mellitus and neuropathy on Plaintiff's RFC.

Accordingly, the Court recommends the case be remanded for further administrative action consistent with the findings presented herein.

## III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that the case be **REMANDED** for further proceedings. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

**IT IS HEREBY ORDERED** that any written objection to this report must be filed with the court and served on all parties no later than **August 2, 2019**. The document should be captioned "Objections to Report and Recommendations."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 9, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 19, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge