**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD MILLER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 18-CV-0114 W (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC. 15];**<br><br>**(2) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT [DOC. 20]; AND**<br><br>**(3) REMANDING CASE** |

　　　Pending before the Court are two cross-motions for summary judgment brought by Plaintiff Gerald Miller and Defendant Andrew Saul, Commissioner of Social Security. (*Pl.'s Mot.* [Doc. 15]; *Def.'s Mot.* [Doc. 20].) United States Magistrate Judge Mitchell Dembin has issued a Report and Recommendation ("R&R") recommending that this action be remanded for further proceedings. (*R&R* [Doc. 21].) Defendant has objected. (*Def.'s Objs.* [Doc. 22].) For the following reasons, the Court **GRANTS** Plaintiff's motion for summary judgment, **DENIES** Defendant's cross-motion for summary judgment, and **REMANDS** the case for further proceedings.

1

## I. BACKGROUND

On January 15, 2014, Plaintiff Gerald Miller protectively filed an application for disability insurance benefits under Title II of the Social Security Act, alleging disability beginning June 1, 2013. (*R&R* [Doc. 21] 2.) Mr. Miller's application was denied, and he requested a hearing before an administrative law judge ("ALJ"). (*Id.*) Following a hearing, the ALJ rendered an unfavorable decision on May 18, 2016. (*Id.*) On December 11, 2017, the Appeals Council denied Plaintiff's request for review and declared the ALJ's decision the final decision of the Commissioner of Social Security. (*Id.*) This civil action followed.

Mr. Miller filed a motion for summary judgment on May 31, 2018. (*Pl.'s Mot.* [Doc. 15].) Defendant filed a cross-motion for summary judgment on July 6, 2018. (*Def.'s Mot.* [Doc. 20].) On July 19, 2019, United States Magistrate Judge Mitchell Dembin issued an R&R recommending that this case be remanded for further proceedings. (*R&R* [Doc. 19].) Defendant timely objected. (*Def.'s Objs.* [Doc. 22].)

## II. LEGAL STANDARD

To qualify for disability benefits under the Social Security Act, a claimant must show: (1) that she suffers from a medically determinable physical or mental impairment that can be expected to result in death, or that either has lasted or can be expected to last for a continuous period of 12 or more months; and (2) that as a result of such inability, the claimant is incapable of performing any substantial gainful work existing in the national economy. See 42 U.S.C. §§ 423(d)(1)(A), (d)(2)(A).

The Commissioner determines whether a claimant qualifies for disability pursuant to a sequential five-step process. See 20 C.F.R. § 404.1520(a)(4).

First, the Commissioner determines whether the claimant is engaged in any substantially gainful activity. See id. at § 404.1520(b). If so, the claimant is not disabled. See id.

Second, the Commissioner determines the medical severity of the claimant's condition and its duration relative to the twelve-month requirement of 20 C.F.R. § 404.1509. See id. at § 404.1520(c). If the claimant does not have "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities[,]" then the claimant is not disabled. See id.

Third, the Commissioner determines whether the claimant's condition meets or equals a listed impairment in 20 C.F.R. Pt. 404, Subpart P, App. 1. See id. at § 404.1520(d). If so, then the claimant is disabled; if not, then the Commissioner proceeds to the next step. See id.

Fourth, the Commissioner makes a finding of "residual functional capacity," an assessment of the claimant's condition that is used to determine whether the condition renders her unable to work. See id. at §§ 404.1520(e)–(f), 416.945. If the claimant can do work that she has done in the past, then she is not disabled. See id. If the claimant cannot do such work, the analysis proceeds to the fifth step.

Fifth and finally, the Commissioner uses the above residual functional capacity assessment and several other factors to determine if the claimant is able to do any other substantially gainful work existing in the national economy. See id. at § 404.1520(g); 42 U.S.C. §§ 423(d)(1)(A), (d)(2)(A). If not, then she is disabled. If she is able to do other work, she is not disabled.

The Court may set aside a denial of benefits " 'only if it is not supported by substantial evidence or if it is based on legal error.' " Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005) (quoting Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002)). "The claimant carries the initial burden of proving a disability." See id. (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)). "Substantial evidence means 'such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.' " Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987) (quoting Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986)).

When a magistrate judge issues a report and recommendation as to a dispositive motion, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

### A. The ALJ Did Not Properly Consider Plaintiff's Diabetes.

As described in Judge Dembin's R&R, the ALJ screened Plaintiff's diabetes mellitus as "not severe" at step two of the five-step sequential disability analysis and did not discuss the impairment further. (*R&R* [Doc. 21] 9–12.)

"An impairment or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.' " Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)). "Step two is merely a threshold determination meant to screen out weak claims . . . . It is not meant to identify the impairments that should be taken into account when determining the RFC." Buck v. Berryhill, 869 F.3d 1040, 1048–49 (9th Cir. 2017) (internal citation omitted). According to the Ninth Circuit:

> The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." S.S.R. No. 85–28 (1985). Step two, then, is "a de minimis screening device [used] to dispose of groundless claims," Smolen, 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85–28. Thus, applying our normal standard of review to the requirements of step two, we must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [a claimant] did not have a medically severe impairment or combination of impairments.

Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005).

The ALJ's analysis as to Plaintiff's diabetes is confined to step two of the analytical framework—the "de minimis screening device" "[used] to dispose of groundless claims." Webb, 433 F.3d at 687. (*Administrative Record* ("AR") [Doc. 12-2] 48.) This analysis consists entirely of the following:

> The claimant has been diagnosed with diabetes mellitus. (Exhibit 3F). Medical records from April 2014 indicate that the claimant's diabetes was uncontrolled. (Exhibit 7F). The medical records from June 2015 indicate that the claimant had not been controlling his blood sugar well and had been sometimes forgetting to take insulin. The claimant complained of a tingling sensation in the feet at bedtime. However, he does not have weakness in his extremities. Furthermore, in January 2015, the claimant reported that the tingling had just started and it was intermittent initially. (Exhibit 15F). Similarly, the record contains no evidence of other symptoms due to the claimant's [diabetes] that would result in more than minimal work-related functional limitations. Therefore, the claimant's diabetes is nonsevere.

(*AR* [Doc. 12-2] 48.) In short, there is evidence in the administrative record that Plaintiff suffered from insulin-dependent diabetes, was sometimes forgetting to take insulin shots and adequately control his blood sugar, and was suffering from peripheral neuropathy. (*AR* [Doc. 12-8] 491–536.)

Yet the ALJ summarily concluded at the outset that Plaintiff's diabetes was nonsevere based on a screening device designed to dispose of *de minimis* problems and meritless claims. He did not analyze the impairment further. The only reasoning given was that: (1) "the tingling had just started and was intermittent initially[;]" and (2) "the record contains no evidence of other symptoms [of diabetes beyond those he had already described.]" (*AR* [Doc. 12-2] 48.) This was error. The resulting decision is not grounded in substantial evidence. See Webb, 433 F.3d at 687. Defendant's objections to Judge Dembin's R&R are perfunctory and devoid of persuasive reasoning. Remand is the appropriate course. See INS v. Ventura, 537 U.S. 12, 16 (2002); Moisa v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005).

//

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **ORDERS** as follows:

(1) Plaintiff's motion for summary judgment [Doc. 15] is **GRANTED**.

(2) Defendant's motion for summary judgment [Doc. 20] is **DENIED**.

(3) This case is **REMANDED** for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Dated: August 14, 2019

Hon. Thomas J. Whelan
United States District Judge